# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ALSAMMARRAIE, an individual; M.A., a minor by and through his guardian ad litem, SHAYMAA ALANI, individually,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 24CV2059 MMA (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND FINDING THE PROPOSED SETTLEMENT FAIR AND REASONABLE**<br><br>[ECF No. 8] |

Currently before the Court is Plaintiff's March 12, 2025, Petition for Approval of Compromise of Minor's Claim ("Pet."). ECF No. 8. This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that District Judge Anello **GRANT** the Petition as set forth below.

## BACKGROUND

On November 1, 2024, Plaintiffs Mohammed Alsammarraie and M.A., a minor by and through his mother and guardian ad litem ("GAL"), Shaymaa Alani, filed a Complaint ("Compl.") arising from a rear end vehicle accident caused by a United States Postal Service ("USPS") employee driving a USPS vehicle that occurred on February 25, 2023. ECF No. 1. Before the Court conducted the Early Neutral Evaluation Conference calendared for February 12, 2025 the parties notified the Court that they had reached a settlement as to all parties and claims. ECF No. 6.

On March 12, 2025, Plaintiffs filed an ex parte Petition for Approval of Compromise of Minor's Claim. ECF No. 8. Defendant has not filed an opposition to the Petition. The Court has considered the Petition and for the reasons set forth below, the Court **RECOMMENDS** that the Petition be **GRANTED**.

## LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in civil litigation. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); see also Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate the Court in satisfying the duty to safeguard, Civil Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). This requires the Court to determine if the settlement is in the best

interests of the minor and to consider not only the fairness of the amount of the settlement, but the structure and manner of distribution of the assets for the benefit of the minor.

The Ninth Circuit established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82. They should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Robidoux, 638 F.3d at 1182.

The Ninth Circuit limited its decision in Robidoux to "cases involving the settlement of a minor's federal claims." Id. at 1181–82 (emphasis added). Where a settlement involves state law claims, federal courts are generally guided by state law rather than Robidoux. J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist., 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). See also A.M.L. v. Cernaianu, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). The court in A.M.L. noted that, although federal courts generally require claims by minors to "be settled in accordance with applicable state law," the Ninth Circuit in Robidoux held such an approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." Id. at *2 (quoting Robidoux, 638 F.3d at 1181) (other citation omitted). But see Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) ("[A] number of district courts have applied the rule provided in Robidoux to evaluate the propriety of a settlement of a minor's state law claims as well") (collecting cases).

The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. See Cal. Prob. Code §§ 3601 et seq. Under California law, the Court is tasked with evaluating the reasonableness of the settlement and determining

whether the compromise is in the best interest of the minor. A.M.L., 2014 WL 12588992, at *3 (citations omitted). The Court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Court, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994); see also Pearson v. Superior Court, 136 Cal. Rptr. 3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

## DISCUSSION

### A.  Proposed Settlement

Plaintiff Mohammed Alsammarraie, the father of Plaintiff M.A., was the driver of the vehicle at the time of the accident. Pet. at 3. Alsammarraie and M.A. suffered similar injuries requiring similar treatment. Id. M.A. experienced knee, back and neck pain after the accident, received chiropractic care for a short time, and is now pain-free (except for a preexisting basketball injury) and no longer receiving medical treatment. Id. Liability on the part of Defendant is not contested. Id.

The proposed settlement as to both parties is a gross amount of $30,000 with $15,000 attributable to M.A. Id. at 2. The settlement dictates that M.A.'s share of attorneys' fees, M.A.'s medical liens, and M.A.'s share of the fees and costs will be deducted from M.A.'s settlement and the remaining amount will be deposited in a blocked account that will be available to M.A. when he turns 18 on February 27, 2026. Id. at 2, 5. In the application, Plaintiff identifies the following expenses to be deducted from the settlement amount: $3,750 in attorneys' fees (25% of the total settlement amount), $2,363.70 in medical expenses, and $309.89 in other fees and expenses (split where appropriate with his father). Id. at 4-5. Under this structure, M.A. will receive a net settlement of $8,576.41. Id. at 5. M.A.'s settlement money will be deposited in an interest bearing, federally insured blocked account in the legal name of minor Plaintiff. Id. No withdrawal of principal or interest may be made from this account without a written order from

this Court or any court of competent jurisdiction until M.A. reaches 18 years of age.

In analyzing the pending application, the Court initially finds that $15,000 is a fair and reasonable settlement for M.A. In reaching this conclusion, the Court relies on the representation that M.A. sustained minor injuries, is no longer seeking treatment for his injuries, and there is no anticipated future care or permanent injury.

**B.    Attorney's Fees and Costs**

In addition to assessing whether the settlement is fair and reasonable, the Court must approve the attorneys' fees and costs to be paid for representation of a minor. See Cal. Prob. Code § 3601; Cal. Rule of Ct. 7.955.[1] In contingency fee cases, attorneys' fees for representing a minor historically have been limited to 25% of the gross recovery. See, e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); McCue v. South Fork Union Sch. Dist., 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); Welch v. Cty. Of Sacramento, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); Red v. Merced Cty., 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008). To determine whether a request for attorney's fee is reasonable, the Court may consider factors such as the time and labor required, whether the minor's representative consented to the fee, the amount of money involved, the result obtained, and whether the fee is fixed, hourly, or contingent. See California Rule of Court 7.955(b).

   1.    Attorney's Fees

Here, Plaintiff's counsel requests 25% of the gross settlement amount. Pet. at 4. Under the facts and circumstances of this action, the Court finds that the requested attorney's fees are reasonable.

   2.    Medical Bills and Lien

M.A.'s medical bills total $2363.70. Id. at 5. M.A. presented with knee pain following the accident and was seen in the emergency department at Sharp Grossmont Hospital where he

---

[1] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement."

received x-rays that showed he had no fractures. Id. He later received eight chiropractic treatments at Parkway Wellness Center where he was treated for pain in his left knee. Id. His last treatment was on June 7, 2023 and he stated that he was no longer experiencing pain. Id. at 6. The Petition reflects that all of the medical bills were reduced from the original amount billed. Id. at 5. In addition, the California Department of Health Care Services has provided documentation of $284.93 in medical expenses but has agreed to reduce the lien to $213.70. Decl. of Benjamin Anderson, ECF No. 8-1, Ex. 2.

Given the negotiated lien amount and amount of medical expenses, the Court finds these to be reasonable costs.

### 3. Remaining Costs

The remaining costs at issue include $202.50 in Court filing fees and $107.39 for medical records retrieval and postage. Pet. at 5. Counsel for Plaintiff represents that these costs are "specific to M.A.'s case and are independent of the costs associated with his father's case." Anderson Decl. at ¶ 17. The Court finds theses costs to be fair and reasonable under the circumstances of this case.

### 4. Conclusion

After reviewing the various litigation costs, and considering the facts and issues in this case, the Court finds that the following fees and costs are fair and reasonable and result in a settlement that is in the best interests of minor Plaintiff, M.A.

| Item | Amount |
| --- | --- |
| Gross Settlement | $15,000.00 |
| Attorneys' Fees (25%) | ($3,750.00) |
| Litigation Costs | ($309.89) |
| Medical bills and Lien | ($2,363.70) |
| Total to Plaintiff: | $8,576.41 |

## C. Method of Disbursement

Courts may use a wide variety of methods for the disbursement of settlement funds to a minor. See Cal. Prob. Code § 3600 et. seq. Here, the parties have agreed to an interest bearing, federally insured blocked account in the legal name of the minor Plaintiff. Pet. at 5. There will

be no withdrawal of principal or interest from this blocked account without a written order of this Court, or any other court of competent jurisdiction, until the minor Plaintiff reaches 18 years of age. When the minor Plaintiff reaches 18 years of age, the depository, without further order of this Court or any other court of competent jurisdiction, is authorized and directed to pay by check or draft directly to the former minor Plaintiff all funds, including interest, deposited under this Court's order. The Court finds that this method of disbursement is fair, reasonable, and within the bounds of applicable law. See Cal. Prob. Code § 3611.

## **CONCLUSION**

After conducting an independent inquiry and evaluation of the proposed settlement, the Court finds that the proposed settlement is fair, reasonable, and in the best interests of the minor Plaintiff, given the legal and factual issues involved in this case, and recoveries in similar cases. See Robidoux et al., 638 F.3d at 1181-82 (holding that district courts should limit the scope of their review of a compromise or settlement of a minor's claims "to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases"). The Court also finds that the proposed expenses and attorneys' fees are fair and reasonable. Accordingly, the Court **RECOMMENDS** that Judge Anello approve the proposed settlement, grant the petition for compromise of claim of minor, and issue the following orders:

1. Within thirty days of Judge Anello's order, Defendant must provide Plaintiff's counsel a check in the amount of $30,000 payable to Plaintiff's counsels' law firm of which $15,000 is the portion attributable to minor Plaintiff, M.A.
2. Upon receipt of the $15,000, minor Plaintiff M.A.'s counsel shall retain $3,750.00 for attorney's fees and use the remaining money to pay the hard costs incurred during the litigation and the remaining medical bills and liens.
3. Within forty-five days of Judge Anello's order, the minor's net settlement proceeds, $8,576.41, must be deposited in the legal name of minor Plaintiff in a blocked interest-bearing and federally insured account;
4. A joint motion for dismissal of the instant case must be filed within five days after

Plaintiff's counsels' receipt of the settlement check.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **April 2, 2025**. The document should be captioned "Objections to Report and Recommendation."[2]

**IT IS SO ORDERED**.

Dated: 3/19/2025

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that there was no opposition filed to the Petition. Therefore, if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately, to allow the Court to adopt this Report and Recommendation without further delay. There will be no adverse consequences to any party who files objections or otherwise chooses not to waive the objection period.